```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
CHRISTOPHER A. HENRY,                                       :
                                                            :
                                    Petitioner,             :
                                                            :           17-CV-5852 (VSB) (BCM)
                  -v-                                       :
                                                            :           **OPINION & ORDER**
                                                            :
MARTIN MURPHY, D.O.C. Chief,                                :
                                                            :
                                    Respondent.             :
------------------------------------------------------------X
```

Appearances:

Christopher A. Henry
*Pro se Petitioner*

Michelle Elaine Maerov
Office of the New York State Attorney General
New York, New York

Anthea Hemery Bruffee
Office of the Kings County District Attorney
Brooklyn, New York
*Counsel for Respondent*

VERNON S. BRODERICK, United States District Judge:

      Pro se Petitioner Christopher Henry filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, (the "Petition," Doc. 1), on August 6, 2016,[1] while detained at Rikers Island.[2] Before me is the Report and Recommendation of United States Magistrate Judge Barbara Moses, (the "Report and Recommendation" or "R&R," Doc. 41), issued on October 31,

---

[1] A prisoner's filings are deemed filed on the date they are delivered to prison officials for mailing. *See Hodge v. Greiner*, 269 F.3d 104, 106 (2d Cir. 2001). Therefore, I treat the signature date on documents filed by Petitioner as the presumptive filing date of those documents.

[2] This action was originally filed in the Eastern District of New York, (*see* Doc. 1), and was transferred to this District on August 2, 2017, (Doc. 14).

1

2018, recommending that I dismiss the Petition as moot. No objections, timely or otherwise, or a request for additional time to file such objections, have been filed. Because I agree with Magistrate Judge Moses's determination that the Petition is moot and that the Court therefore lacks subject matter jurisdiction over the action, I ADOPT the Report and Recommendation in its entirety. Accordingly, Respondent's motion to dismiss the Petition is GRANTED.

### I. Background[3]

For purposes of this Opinion & Order, I assume familiarity with the underlying facts and analysis as set forth in Magistrate Judge Moses's Report and Recommendation.

Petitioner was indicted in Kings County, New York on December 22, 2003 on state charges of, *inter alia*, assault and sexual abuse. (R&R, at 1.) Following Petitioner's January 15, 2004 arraignment, Petitioner's criminal case was repeatedly adjourned as Petitioner, on numerous occasions, was found unfit to proceed to trial and was committed to the care and custody of the New York State Commissioner of Mental Health (the "Commissioner"), pursuant to N.Y. Crim. Proc. L. § 730.50(1). (R&R, at 1–2.)

On September 7, 2016, the New York Supreme Court, Kings County dismissed the indictment against Petitioner because he had been in the custody of the Commissioner for a period exceeding two-thirds of the authorized maximum term of imprisonment for the highest class felony charged in his indictment. *See* N.Y. Crim. Proc. L. §§ 730.50(3)–(4). The order of dismissal permitted the Commissioner to retain custody of Petitioner pending the commencement of civil commitment proceedings. (R&R, at 2–3.) Petitioner was subsequently transferred to the Mid-Hudson Forensic Psychiatric Center, a secure mental health facility in

---

[3] I limit my description of the factual and procedural history to only those matters that are relevant to the motion currently under consideration.

New Hampton, New York, where he remained until November 15, 2017, when he was transferred to the Kingsboro Psychiatric Center in Brooklyn, New York. (*Id.* at 3, 5.)

Petitioner filed the instant challenge to his confinement on August 6, 2016. (Doc. 1.) Respondent filed a motion to dismiss the Petition on December 15, 2017, (Docs. 21–23), and Petitioner filed an opposition to the motion on January 20, 2018, (Docs. 25–26). On February 11, 2018, Petitioner submitted a letter to the Court indicating that he had moved to a residential address in Brooklyn, New York. (Doc. 27.) That correspondence prompted Magistrate Judge Moses to order the parties to provide an update as to whether Petitioner had been released from the custody of the New York State Commissioner of Mental Health. (Doc. 31.) On July 23, 2018, Respondent confirmed that Petitioner had been discharged by the New York State Office of Mental Health on February 9, 2018. (Doc. 32.)

In light of this information, I entered an Order on August 2, 2018, denying as moot Respondent's motion to dismiss the Petition, with leave to re-file. (Doc. 34.) On August 24, 2018, Respondent again moved to dismiss the Petition, this time arguing that the case became moot when Petitioner was released from the Commissioner's custody and that the Court therefore lacked subject matter jurisdiction to adjudicate Petitioner's claims. (Docs. 36–38.) Although Magistrate Judge Moses expressly granted Petitioner the opportunity to respond to the motion to dismiss, (*see* Doc. 40), Petitioner failed to file any opposition, (R&R, at 6).

Attached to Magistrate Judge Moses's R&R recommending that Respondent's motion to dismiss be granted was a Notice of Procedure for Filing of Objections to this Report and Recommendation, (*id*. at 10), which specified that Petitioner would have seventeen days from the date on which the R&R was filed (October 31, 2018) to submit written objections, pursuant to 28 U.S.C. § 636(b)(1) and Rules 6(d) and 72(b) of the Federal Rules of Civil Procedure. As of the date of this Opinion & Order, no objections have been filed and no request for an extension of

3

time to object has been made. Petitioner, in fact, has not filed any documents in this matter since February 11, 2018. (*See* Doc. 27.)

## II. Discussion

In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "If a party timely objects to any portion of a magistrate judge's report and recommendation, the district court must make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Bush v. Colvin*, No. 15 Civ. 2062 (LGS) (DF), 2017 WL 1493689, at *4 (S.D.N.Y. Apr. 26, 2017) (quoting *United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015)). Where, however, a party does not timely object to a report and recommendation, a district court reviews the report and recommendation for clear error. *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Petitioner has not submitted objections to the R&R; therefore, I apply the clear error standard. *DiPilato*, 662 F. Supp. 2d at 339; *Lewis*, 573 F. Supp. 2d at 811; *Wilds*, 262 F. Supp. 2d at 169. Having carefully reviewed the thorough and well-reasoned Report and Recommendation, I find no error in Magistrate Judge Moses's reasoning and conclusions. The record reflects that Petitioner is no longer in the Commissioner's custody, (*see* Doc. 32), and, because his Petition "challenges an involuntary commitment, as opposed to a conviction, there is no . . . presumption" that he continues to suffer collateral consequences relating to his prior commitment, which are required to save the Petition from dismissal as moot. *Best v. Barbarotta*, No. 12-CV-6218 (NGG), 2016 WL 1588501, at *3 (E.D.N.Y. Apr. 19, 2016); *see also Janakievski v. Exec. Dir., Rochester Psychiatric Ctr.*, No. 6:14-CV-06168-MAT, 2018 WL

4

4681596, at *2 (W.D.N.Y. Sept. 28, 2018) ("[A] petitioner's release from involuntary [civil] commitment will moot his petition unless he affirmatively demonstrates a collateral consequence of that commitment from which the court may grant relief."). Petitioner—who has not opposed Respondent's motion to dismiss and who has otherwise taken no action to prosecute this case for nearly a year—has failed to demonstrate that he suffers from any collateral consequences as a result of his previous involuntary civil commitment. I therefore conclude that there is no longer any live controversy between the parties.

### III. Conclusion

Having reviewed the Report and Recommendation, as well as other materials in the record, I am in complete agreement with Magistrate Judge Moses and hereby ADOPT the Report and Recommendation in its entirety. Respondent's motion to dismiss the Petition for lack of subject matter jurisdiction, (Doc. 36), is GRANTED. The Clerk of Court is respectfully directed to terminate the pending motion at Doc. 36 and close the case.

In addition, because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue, *see* 28 U.S.C. § 2253, and the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith.

The Clerk of Court is further directed to mail a copy of this Order to the pro se Petitioner.
SO ORDERED.

Dated: January 23, 2019
     New York, New York

_____
Vernon S. Broderick
United States District Judge