```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
CHRISTOPHER A. HENRY,                                       :
                                                            :
                              Petitioner,                   :
                                                            :        17-CV-5852 (VSB)
               -against-                                    :
                                                            :        OPINION & ORDER
MARTIN MURPHY,                                              :
                                                            :
                              Respondent.                   :
                                                            :
------------------------------------------------------------X
```

Appearances:

Christopher A. Henry
*Pro se Plaintiff*

Michelle Elaine Maerov
New York State Attorney General's Office
New York, New York

Anthea Hemery Bruffee
King County District Attorney's Office
Brooklyn, New York
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

      Before me is pro se Petitioner Christopher Henry's motion for reconsideration. (Doc. 50.)[1] Because the motion is untimely and, in any event, Petitioner provides no basis for me to reconsider my Opinion & Order of January 23, 2019, the motion is DENIED.

    **I.**    **Factual Background and Procedural History**

      In this Opinion & Order, I presume familiarity with my Opinion & Order of January 23,

---

[1] Although Petitioner addressed his letter motion to Magistrate Judge Barbara Moses, the motion is properly before me because it is a motion to set aside my decision, (Doc. 42), which adopted Judge Moses's report and recommendation, (Doc. 41).

2019, and with this action's procedural history, so I will only recite the facts necessary to decide the instant motion. On August 6, 2016,[2] Henry filed a petition for a writ of habeas corpus (the "Petition"), alleging that the state court "illegally sentence[d] [him] to the Office of Mental Hygiene [sic] where [he] should stay until [his] death." (Doc. 1.) On August 21, 2017, the Clerk's Office mailed an information packet to Petitioner, including a notice of change of address form to use if his contact information changed. On November 17, 2017, Petitioner called the Pro Se Intake Unit to inform the Court of his new address, and the docket was updated accordingly. On February 9, 2018, Petitioner was released from custody, (*see* Doc. 32), and on February 11, 2018, Petitioner again notified the Court that his address changed, and the docket was again updated accordingly, (Doc. 27).

On April 18, 2018, I referred this action to Magistrate Judge Barbara Moses for a report and recommendation. (Doc. 29.) On August 24, 2018, Respondent moved to dismiss the Petition, arguing that the case had become moot because Petitioner was released from custody. (Doc. 36.) On that same day, Judge Moses directed Petitioner to file any opposition to the motion to dismiss by September 28, 2018. (Doc. 40.) On August 27, 2018, the Clerk's Office mailed Judge Moses's order to the address that Petitioner provided in his letter of February 11, 2018. (*See* Doc. 27.) Petitioner did not file an opposition to the motion to dismiss.

On October 31, 2018, Judge Moses issued a report and recommendation ("Report and Recommendation" or "Report") recommending that I grant Respondent's motion to dismiss and certify, pursuant to 28 U.S.C. § 1915(a), that an appeal from the Report would not be taken in good faith. (Doc. 41.) The Report and Recommendation further specified that, pursuant to 28

---

[2] A prisoner's filings are deemed filed on the date they are delivered to prison officials for mailing. *See Hodge v. Greiner*, 269 F.3d 104, 106 (2d Cir. 2001). Therefore, I treat the signature date on documents filed by Petitioner as the presumptive filing date of those documents.

2

U.S.C. § 636(b)(1) and Rules 6(d) and 72(b) of the Federal Rules of Civil Procedure, Petitioner would have seventeen days from October 31, 2018 to submit written objections.[3] (*Id.*, at 10.) Petitioner's objections were thus due on November 19, 2018.[4] The Report and Recommendation warned, "Failure to file timely objections will preclude appellate review." (*Id.*) On November 1, 2018, the Clerk's Office mailed Judge Moses's Report and Recommendation to the address that Petitioner provided in his letter of February 11, 2018. (*See* Doc. 27.) Petitioner filed no objections, nor did he seek additional time to file objections.

    I carefully reviewed Judge Moses's Report and Recommendation, and on January 23, 2019, I issued an Opinion & Order adopting Judge Moses's Report and Recommendation in its entirety. (Doc. 42.) I found that because Petitioner was released from custody and "failed to demonstrate that he suffers from any collateral consequences as a result of his previous involuntary civil commitment," the Petition was moot. (*Id.*, at 4–5.) Accordingly, I granted Respondent's motion to dismiss the Petition, directed the Clerk of Court to close the case, and ordered that a certificate of appealability would not issue. (*Id.*, at 5.) The Clerk of Court entered judgment on January 24, 2019. (Doc. 43.)

    On February 1, 2019, I received a letter from Petitioner, dated December 29, 2018, indicating that Petitioner had been arrested. (Doc. 44.) Petitioner said that he received Judge Moses's Report. (*Id.*) Petitioner requested that I "stay the action, and grant [an] extension of time to answer the Report and Recommendation until [he] resolve[d] this criminal case." (*Id.*)

---

[3] Specifically, Magistrate Judge Moses stated that "Respondent shall have fourteen days from this date, and petitioner shall have seventeen days from this date, to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and Fed. R. Civ. P. 6(d) (adding three days when service is made by mail)."

[4] Although seventeen days from October 31, 2018 was November 17, 2018, this date fell on a Saturday, and thus, under Federal Rule of Civil Procedure 6, the motions were due on Monday, November 19, 2018. Fed. R. Civ. P. 6(a)(1)(C).

3

At that point, Petitioner's request was untimely, since his deadline to seek an extension was November 19, 2018.  Petitioner's request was also moot by the time I received it, since I already issued my Opinion & Order adopting Judge Moses's Report and Recommendation in its entirety. (*See* Doc. 42.)  I took no action with regard to Petitioner's request.

Almost three years later, in a letter dated November 11, 2021, Petitioner notified the Court that his address changed and requested courtesy copies of Docs. 42 and 43.  (Doc. 45.) On November 23, 2021, Judge Moses granted Petitioner's request, the Clerk's Office re-mailed copies of Docs. 42 and 43 to Petitioner, and the docket was updated to reflect Petitioner's new address.  (Doc. 46.)  Petitioner again updated his address in letters dated December 1, 2021, (Doc. 47), and December 25, 2021, (Doc. 49), and the docket was updated accordingly.

On February 27, 2022, Petitioner filed the instant motion "to reopen the case."  (Doc. 50.) Petitioner explains that he had been arrested on July 17, 2018, so he "could not answer the Report and Recommendation because the mail was sent" to his address on file, and Petitioner "was at Riker's [sic] Island at the time." (*Id.*, at 1.)  Petitioner also appears to allege that he had tried to inform me of his new address at Rikers, but that someone in the Department of Corrections intentionally destroyed his mail.  (*See id.*)[5]  Petitioner argues that because he did not receive the Report and Recommendation, there is still a live controversy between the parties that justifies re-opening the case.  (*See id.*)  Since filing this motion, Petitioner has submitted several change of address notices and requests for blank complaint forms to be mailed to him.  (*See* Docs. 51–59.)

---

[5] Specifically, Petitioner says, "Despite submitting numerous changes of address, they open the mail and see I was sueing [sic] DOC chief destroyed mail."  (Doc. 50, at 1.)

4

**II.     Legal Standard**

The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Generally, a party seeking reconsideration must show either "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted).  The decision of whether to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" *Premium Sports Inc. v. Connell*, No. 10 Civ. 3753(KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

Additionally, Local Civil Rule 6.3 mandates a motion for reconsideration shall be served within fourteen days after the entry of the Court's determination of the original motion. *See Elgalad v. N.Y.C. Dep't of Educ.*, No. 17-4849, 2019 WL 4805669, at *3 (S.D.N.Y. Sept. 30, 2019).  Courts "in this Circuit routinely deny untimely motions for reconsideration without considering their merits." *Id.* (quoting *Beckles v. City of New York*, No. 08 Civ. 3687(RJH)(JCF), 2010 WL 1841714, at *4 (S.D.N.Y. May 10, 2010)).

**III.     Discussion**

As an initial matter, Petitioner's request is at least three years late.  I entered the Opinion & Order closing this case on January 23, 2019.  (Doc. 42.)  Under Local Civil Rule 6.3, Petitioner had until February 6, 2019 to file a motion for reconsideration.  Petitioner's motion for reconsideration is instead dated February 27, 2022.  (Doc. 50.)  In addition, Petitioner appears to

object to Judge Moses's Report and Recommendation.  (Doc. 41.)  Any objections to the Report were due on November 19, 2018.  (*See* Doc. 41.)

I recognize that mail to and from incarcerated litigants is often delayed.  However, Petitioner clearly indicated that he received Judge Moses's Report and Recommendation at least as early as December 29, 2018.  (Doc. 44.)  Petitioner knew that he bore the responsibility of notifying the Court of any change of address.  Indeed, he did so many times, (*see* Docs. 28, 45, 47, 49), and he could have done so in his letter of December 29, 2018, (Doc. 44), which obviously was not "destroyed" by anyone in the Department of Corrections because it reached the Court.

I also recognize that Petitioner is pro se.  Although I must "make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training," pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law."  *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (internal quotation marks omitted).  I cannot allow litigants to resuscitate a claim three years after dismissal, simply because they are proceeding without a lawyer.

More importantly, Petitioner has not raised any specific objections to Judge Moses's Report—or my Opinion & Order adopting the Report and Recommendation—much less any objections that "might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257.  Under the Constitution, I can only review matters over which I have subject matter jurisdiction.  *See* U.S. Const. Art. III, § 2; *Smith v. Sch. of Visual Arts*, No. 15-CV-8049(RA), 2016 WL 3440553, at *2 (S.D.N.Y. June 9, 2016) ("Despite the lenient standards with which courts review pro se complaints, pro se plaintiffs must establish subject matter jurisdiction.").  I do not have subject matter jurisdiction over cases that are moot.  *DeFunis v.*

*Odegaard*, 416 U.S. 312, 316 (1974). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Here, the Petition is moot because Petitioner asked on August 6, 2016 to be released from the custody of the New York State Commissioner of Mental Health, (Doc. 1), and Petitioner was released on February 9, 2018, (Doc. 32). *See also Janakievski v. Exec. Dir., Rochester Psychiatric Ctr.*, No. 6:14-CV-06168-MAT, 2018 WL 4681596, at *2 (W.D.N.Y. Sept. 28, 2018) ("[A] petitioner's release from involuntary [civil] commitment will moot his petition unless he affirmatively demonstrates a collateral consequence of that commitment from which the court may grant relief."). Petitioner has not identified anything left for me to do in response to his Petition.

The decision of whether to grant or deny a motion for reconsideration is "within the sound discretion of the district court." *Premium Sports Inc.*, 2012 WL 2878085, at *1 (internal quotation marks omitted). Because Petitioner's motion was untimely, and because Petitioner has raised no specific objection, I deny Petitioner's motion for reconsideration.

### IV. Conclusion

For the foregoing reasons, Petitioner's motion for reconsideration is DENIED. The Clerk of Court is respectfully directed to mail a copy of this order to pro se Petitioner, along with copies of Docs. 42, 43, and 44, at no cost to petitioner, at his most recently provided address: 420 E. 76th Street, New York, NY, 10021.

SO ORDERED.

Dated: March 29, 2023
       New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge